Jason Schwartz, Esq.
Friedman Vartolo LLP
1325 Franklin Ave., Suite 160
Garden City, NY 11530
Attorneys for American Mortgage Investment Partners
Management, LLC as Servicer for Wilmington Savings
Fund Society, FSB, as Owner Trustee of the Residential
Credit Opportunities Trust VI-A
P: (212) 471-5100
Bankruptcy@FriedmanVartolo.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X

IN RE:

Thomas Kostopoulos

Debtor

CASE NO.: 24-22027-JKS

CHAPTER: 13

HON. JUDGE.:
John K. Sherwood

HEARING DATE: February 13, 2025

-----------------------------------------------------------------X

## CERTIFICATION IN SUPPORT OF IN REM MOTION FOR RELIEF

_Dave Kleiman_ of full age, employed as _VP Asset Management_ by American Mortgage Investment Partners Management, LLC as Servicer for Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VI-A certify that the following is true:

1. The Debtor and Co-Debtor Athena Kostopoulos have executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $564,000.00 (the "Note"). A copy of the Note is attached hereto as **Exhibit A**.

2.  Pursuant to the certain Mortgage (the "Mortgage"), all obligations (collectively, the "Obligations") of the Debtor and Co-Debtor under and with respect to the Note and Mortgage are secured by the Property. A copy of the Mortgage is attached hereto as **Exhibit B**.

3.  All rights and remedies under the Mortgage have been assigned to the Movant. Copies of all assignments in the Movant's possession are attached hereto as **Exhibit C**.

4.  The history of assignments of the Mortgage is as follows:

| Date of Assignment | Date Recorded | Assignor | Assignee | Purpose of Document |
|---|---|---|---|---|
| 12/21/2010 | 01/10/2011 | Mortgage Electronic Registration Systems, Inc, as Nominee for Lehman Brothers Bank, F.S.B. | Citimortgage, Inc. | Assignment of Mortgage |
| 02/28/2014 | 03/14/2014 | Citimortgage, Inc. | Wilmington Trust Company as Trustee for the Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2003-35 | Assignment of Mortgage |
| 02/25/2022 | 03/14/2022 | Wilmington Trust Company as Trustee for the Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2003-35 | Citimortgage, Inc. | Gap Assignment |
| 08/07/2017 | 08/21/2017 | Citimortgage, Inc. | Nationstar Mortgage LLC | Assignment of Mortgage |
| 12/27/2017 | 01/18/2018 | Citimortgage, Inc. | Nationstar Mortgage LLC | Corrective Assignment to Correct Notary |

| | | | | Acknowledge of Assignment Recorded 08/21/2017 |
|---|---|---|---|---|
| 02/25/2022 | 05/09/2022 | Nationstar Mortgage LLC | Wilmington Trust Company as Trustee for the Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2003-35 | Gap Assignment, later corrected by Assignment 01/23/2023 |
| 01/05/2023 | 01/23/2023 | Nationstar Mortgage LLC | Wilmington Trust Company as Trustee for the Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2003-35 | Gap Assignment, correcting position of assignment recorded 05/09/2022 |
| 08/21/2017 | 09/14/2017 | Wilmington Trust Company as Trustee for the Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2003-35 | Nationstar Mortgage LLC | Assignment of Mortgage |
| 11/29/2022 | 12/30/2022 | Nationstar Mortgage LLC | Wilmington Trust Company as Trustee for the Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2003-35 | Gap Assignment |
| 03/05/2020 | 03/10/2020 | Wilmington Trust Company | U.S. Bank National | Assignment of Mortgage |

| | | | | |
|---|---|---|---|---|
| | | as Trustee for the Structured Asset Securities Corporation Mortgage Pass Through Certificates, Series 2003-35 | Association, Not In Its Individual Capacity But Solely as Trustee For NRZ Pass-Through Trust VIII | |
| 12/20/2022 | 03/21/2023 | U.S. Bank National Association, Not In Its Individual Capacity But Solely as Trustee For NRZ Pass-Through Trust VIII | MTGLQ Investors, L.P. | Assignment of Mortgage |
| 02/15/2023 | 03/21/2023 | MTGLQ Investors, L.P. | Wilmington Savings Fund Society, FSB as Owner Trustee of the Residential Credit Opportunities Trust VI-A | Assignment of Mortgage |

5. As the Debtor and Co-Debtor Athena Kostopoulos became delinquent under the terms of the Note and Mortgage, a foreclosure action was commenced in the Superior Court of New Jersey on January 20, 2015. A copy of the foreclosure docket is annexed hereto as **Exhibit D**.

6. After a contested foreclosure action, on or about June 22, 2018, the Court entered Final Judgment on behalf of the foreclosing plaintiff. A copy of the Final Judgment is annexed hereto as **Exhibit E**.

7. As part of the foreclosure, on or about April 18, 2017, the Co-Debtor certified that she would cure the mortgage arrears in 45 days, but did not. A copy of the Certification is annexed hereto as **Exhibit F**.

8.  As part of the effort to avert a sale, the Debtor certified in an October 15, 2019 motion to stay the sheriff's sale that the Debtor and Co-Debtor had secured $500,000.00 from the Debtor's mother to apply to paying off the mortgage. A copy of the Certification is annexed hereto as **Exhibit G**.

9.  On February 7, 2020, the date of the scheduled sale, Co-Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code under case Bk. Case No. 20-12080-VFP.

10. Co-debtor's bankruptcy Schedule A/B did not include any reference to $500,000.00 alleged only four months prior to the bankruptcy filing. See copy of Schedule A/B is annexed hereto as **Exhibit H**.

11. No Chapter 11 plan was ever filed in this case.

12. On or about March 19, 2020, the Co-debtor filed a Motion for Entry of Order Authorizing the Debtor to Obtain Post-Petition Financing, with the Co-Debtor certifying that that she had arranged for a loan from relatives and stating an intention to dismiss the bankruptcy after the loan was used to pay off the mortgage. A copy of the Certification is annexed hereto as **Exhibit I**.

13. After the motion was granted, the Co-Debtor sought to partially vacate the order to litigate the standing of the Creditor.

14. On or about September 29, 2020, the Court sua sponte entered an Order to Show Cause Why Case Should Not be Dismissed. A copy of the Order to Show Cause is annexed hereto as **Exhibit J.**

15. On or about October 28, 2020, Case 20-12080-VFP was dismissed with a 1-year bar on further bankruptcy filings, extending to October 28, 2021. A copy of the Order is annexed hereto as **Exhibit K**.

16. The Bankruptcy Court made the following findings:
    - The bankruptcy was filed to stay the Sheriff's Sale
    - The bankruptcy was "essentially a two-party dispute between the Debtor and Lender." See **Exhibit K** at p 2.
    - The Debtor represented to the court that she had funds to pay off the mortgage when she did not.
    - The Debtor wanted to vacate the order to obtain financing to challenge the creditor's standing and return to Superior Court to challenge the creditor's standing.
    - The Debtor filed Petition in Bad Faith, with no intention of reinstating or paying off the Mortgage Loan.

17. The Co-Debtor filed another voluntary petition for bankruptcy relief on October 13, 2022 following an unsuccessful appeal.

18. The Co-Debtor filed three chapter 13 plans during the bankruptcy.

19. The first plan, filed on October 31, 2023 called for the sale of refinance of the property by April 1, 2023. A copy of the Plan is annexed hereto as **Exhibit L**.

20. Plan confirmation was scheduled for May 4, 2023.

21. A first modified plan was filed on May 11, 2023, calling for a sale, refinance or loan modification March 31, 2024. A copy of the First modified Plan is annexed hereto as **Exhibit M**.

22. The Debtor was offered a loan modification in May of 2023 for $1,342,000 modified unpaid principal balance with a 5% interest rate over 40 years.

23. The Debtor declined the loan modification offer.

24. The Co-Debtor and Movant entered into a consent order to lift the stay on a limited basis to allow the Debtor to prosecute its appeal in <u>Nationstar Mortgage, LLC v. Kostopoulos</u>, Docket No. A-001041-21. A copy of the Consent Order is annexed hereto as **Exhibit N**.

25. The Appellate Division of the Superior Court of New Jersey denied the appeal on October 24, 2024. A copy of the Order is annexed hereto as **Exhibit O**.

26. The confirmation of the first modified plan was denied on January 18, 2024.

27. A second modified plan was filed on February 1, 2024, calling for a sale, refinance or loan modification March 31, 2024. A copy of the Second modified Plan is annexed hereto as **Exhibit P**.

28. On or about April 29, 2024, shortly before confirmation, the Codebtor requested permission from the Court to file an adversary action to challenge the Movant's standing in the bankruptcy. See attached **Exhibit Q**.

29. Confirmation of the second modified plan was denied on May 2, 2024.

30. The bankruptcy court dismissed the case with prejudice on May 2, 2024. A copy of the Order is annexed hereto as **Exhibit R**.

31. The Court believed the debtor was acting in bad faith for multiple reasons.

- For one, the court did not believe the debtor had made substantial progress on its plan proposal to seek a sale, refinance or loan modification after a year and

a half. A copy of the Transcript is annexed hereto as **Exhibit S**. Transcript at 12-13.

- The court believed that the only reason the bankruptcy was filed was to stay the sheriff's sale. See **Exhibit S** at 14-15.

- The court believed that the request for permission to file an adversary action was motivated by a desire to continue litigating standing issues. See **Exhibit S** at 15.

- The court believed that the debtor was raising issues more properly left to be addressed by the state court. See **Exhibit S** at 18.

- The court believed that the purpose of the previous bankruptcy was to seek a litigation advantage. See **Exhibit S** at 16.

- The court also found that a history of unfulfilled promises and delay in the state and bankruptcy courts. See **Exhibit S** at 17.

32. The Defendant's petition for certification of the judgment at the New Jersey Supreme Court was denied on June 26, 2024. A copy of the Order is annexed hereto as **Exhibit T.**

33. A new sale was scheduled for December 6, 2024.

34. This bankruptcy was filed on December 6, 2024.

35. As of December 26, 2024, no schedules or plan have been filed.

36. Debtor is contractually due for the January 1, 2008 mortgage payment. The amount needed to cure pre-petition arrears at the time of the filing is $995,062.25. A copy of the Certification of Amount Due is annexed hereto as **Exhibit U.**

37. Payoff on the judgment through December 5, 2024 is $1,419,571.53. A copy of

the Certification of Amount Due is annexed hereto as **Exhibit U.**

38. The value of the real property at issue is $1,472,300.00. A copy of the valuation on Zillow for the property is annexed hereto as **Exhibit V.**

39. The debtors have filed multiple redundant motions to vacate various State Court Orders and to dismiss the foreclosure action altogether. They have also filed two State Court appeals, both of which were denied.

I certify under penalty of perjury that the foregoing is true and correct.

_1/8/25_  
(Date of Signature)

_[signature]_  
Signature