| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Lite DePalma Greenberg & Afanador, LLC<br>570 Broad Street, Suite 1201<br>Newark, New Jersey 07102<br>Telephone Number (973) 623-3000<br>Attorney for Creditor<br>Lite DePalma Greenberg & Afanador LLC<br>Allen J. Underwood II, Esq.<br>aunderwood@litedepalma.com | CASE NO.: 24-22027- JKS<br><br>CHAPTER 13<br><br><br>**Dual Limited Objection to Confirmation of Debtor' Chapter 13 Plan, Sale Motion and Notice of Private Sale** |
| In Re:<br><br>**Thomas Kostopoulos**<br><br>Debtor. | |

## DUAL LIMITED OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN, SALE MOTION AND NOTICE OF PRIVATE SALE

Lite DePalma Greenberg & Afanador LLC ("Creditor" or "LDGA"), by and through its undersigned counsel, on the following limited basis objects to confirmation of Debtor's 13 Plan [CM/ECF No. 11] and Debtor's Sale Motion [CM/ECF No. 45] and Debtor's Notice of Private Sale [CM/ECF No. 46] and states as follows:

l. Thomas Kostopoulos ("Debtor" or "Husband"), filed a voluntary petition for reorganization under Chapter 13 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey commencing the Debtor's above-captioned case (the "Husband Case"). [ECF No. 1.]

2. Debtor's Petition and Schedules fail to list a claim of LDGA for unpaid legal fees and services due and owing LDGA arising from pre-petition private legal retainer, and subsequent bankruptcy retention as special counsel in the prior (now dismissed) U.S. Bankruptcy Court for the District of New Jersey, Newark Vicinage Chapter 13 bankruptcy matter of his spouse Athena Kostopoulos ("Wife") (CM/ECF Case No. 22-18145(VFP) )(the "Wife Case"). Following dismissal of the Wife Case, LDGA continued to represent both Husband and Wife as non-debtors in the Appellate matter, before this filing by Husband.

3. Debtor's amendments to the Petition also do not address the LDGA legal fee claim. (CM/ECF No. 10)

4. Debtor's schedules disclose that Wife is the co-debtor on the home located at 155

1

Summit Drive, in Paramus, New Jersey (*Id.*)(the "Real Property") and that it is owned by tenancy by the entireties, thus Wife owns 50% of the Real Property. (*See*, Schedule "A" CM/ECF No. 35)

5. LDGA provided representation to husband and wife both on an appeal to the New Jersey Superior Court, Appellate Division, and ultimately to the Supreme Court of the State of New Jersey.

6. First, under the private retainer agreement dated November 21, 2021, LDGA was privately retained by the then non-debtor Husband and Wife to represent them in filing an appeal from an Order of the Superior Court of New Jersey, Chancery Division, Bergen County that denied Husband and Wife's Motions to vacate a foreclosure judgment entered on June 22, 2018, regarding the mortgage and Real Property in issue in this matter.

7. Subsequently, in the Wife Case, after an order for retention and appointment as Special Counsel to the Wife Debtor in that matter, LDGA continued to provide such services to the Wife Debtor, but which were also beneficial to the non-debtor Husband spouse who remained obligated under the pre-petition retainer. No sale of the property occurred in the Wife case prior to its dismissal, and no fee payment was made to LDGA in the Wife case. As noted, retained appellate legal services continued under private retainer after the dismissal of the Wife Case.

8. In the Wife Case, Judge Vincent F. Papalia entered an Order Allowing Final Fees to Lite DePalma Greenberg & Afanador, LLC as Special Counsel to the Debtor, dated December 11, 2023 (the "Special Counsel Order")[CM/ECF No. 78 in Wife Case] and attached hereto as Exhibit "A."

9. The Special Counsel Order is clear: "ORDERED that the applicant, Lite DePalma Greenberg & Afanador, LLC is ALLOWED a fee of $35,160.00 for post-petition services rendered to the Estate. The allowance is payable outside the Chapter 13 Plan. In the event the case is dismissed, the Debtor and non-debtor spouse shall pay the balance of this fee directly to applicant. Applicant reserves all rights and does not waive any right to payment as to pre-petition, and post-petition amounts due for services rendered to or for the benefit of the non-debtor spouse Thomas Kostopoulos."

10. Ultimately, the appeal in the Appellate Division was lost, and thereafter, certification to the New Jersey Supreme Court was denied.

11. The ultimate pre-petition amount due from Debtor (and non-debtor spouse) to LDGA for appellate legal services is $54,254.06. LDGA timely filed proof of claim number 6-1 in this case on February 11, 2025, and thereafter timely amended the proof of claim on February 14, 2025 at claim number 6-2 to reflect the full amount due of $54,254.06.

**BASIS FOR LIMITED OBJECTION TO PLAN AND SALE**

12. Based upon the language of the Special Counsel Order, there is an Order of this Court directing LDGA to be paid $35,160.00 "for post-petition services rendered to the Estate. The allowance is payable outside the Chapter 13 Plan. In the event the case is dismissed, the Debtor and non-debtor spouse shall pay the balance of this fee directly to applicant." As such, under the circumstances, it is LDGA's belief that at a bare minimum, it should b paid the sum of $35,160.00 directly at closing from the proceeds of sale, with a general unsecured claim for the remaining amount due as described in the proof of claim, and while reserving all rights to collection as to the non-debtor Wife.

13. The Debtor failed to schedule, and the Plan fails to list LDGA's pre-petition claim of $54,254.06. Therefore, the Plan is not in compliance with the requirements of 11 U.S.C. §§ 1322(b)(3) and 1325(a)(5). Moreover, LDGA is not on the service list with respect to service of the Debtor's Plan.

14. The proposed Plan states that: "Not separately classified allowed non-priority unsecured claims shall be paid: Not less than 100 percent." It appears that there is risk that LDGA will not be paid the full amount of its claim from the proceeds of the sale of the Real Property, particularly if the secured creditor's claim at the time of closing is significantly larger, or if there are taxes or other lien claims which require payment at closing.

15. Moreover, LDGA retains a claim for payment in full of the full amount of legal fees owed as set forth on the proof of claim, against the non-debtor Wife. The claim is specifically reserved and not waived. The Plan, and the Sale Motion, seek to direct 100% of the sale proceeds from the Real Property to the Husband Debtor's bankruptcy estate. It appears that the non-debtor Wife will receive *nothing* from the sale of the Real Property. The issue is that normally one would expect a non-debtor spouse to receive 50% of the proceeds of the sale of property held in tenancy-by-the entireties, after satisfaction of secured claims and the exemption.

16. The issue or question here is whether this Court can countenance a non-debtor spouse, who was herself a recent debtor in a dismissed Chapter 13, waiving her right to proceeds from a sale of real property when it is clear that although she is not in bankruptcy, said non-debtor spouse has her own independent unpaid creditors – and in the case of LDGA – a creditor that had been awarded its attorney fees as special counsel in the wife's prior dismissed Chapter 13.

Respectfully Submitted.

Dated: April 17, 2025

/s/ *Allen J. Underwood II*
Allen J. Underwood II, Esq.
Lite DePalma Greenberg & Afanador LLC
570 Broad Street, Suite 1201
Newark, NJ 07102
Tel. No. (973) 623-3000
aunderwood@litedepalma.com

4